IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHEN FRAYNE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08 C 5290 |
| ) | |
| CHICAGO 2016, UNITED STATES ) | |
| OLYMPIC COMMITTEE, and ) | |
| DOMAIN TRADE, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Stephen Frayne, Jr. (Frayne) has sued Chicago 2016, an Illinois corporation, the United States Olympic Committee (USOC), and Domain Trade, Inc. for declaratory relief regarding various trademarks (counts 1-3), for reverse domain name highjacking and attempted reverse domain name highjacking under a provision of the Lanham Act, 15 U.S.C. § 1114(2)(D) (counts 4-5), and for declaratory and other relief for violations of various provisions of the United States and Illinois Constitutions (counts 6-9). The constitutional claims are directed solely at Chicago 2016. Chicago 2016 and the USOC have moved to dismiss counts 4 through 9.[1] For the reasons stated below, the Court grants the motion as to counts 4 and 5 but otherwise denies the motion.

---

[1] Domain Trade filed a separate motion to dismiss. At the parties' request, the Court has delayed consideration of that motion while the parties discuss settlement. Accordingly, references to "defendants" in this decision refer only to Chicago 2016 and the USOC unless otherwise indicated.

## Facts

When considering a motion to dismiss, the Court accepts as true the complaint's factual allegations and draws reasonable inferences in favor of the plaintiff. *See, e.g., Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 617 (7th Cir. 2007).

In July 2006, the City of Chicago allegedly incorporated Chicago 2016 to serve as the City's agent as part of its efforts to bring the 2016 Olympic Games to Chicago. Frayne alleges that "Chicago 2016, although a private entity, is the official representative and agent of the City of Chicago . . . ." Compl. ¶ 23. On November 28, 2006, Chicago 2016 filed to register "CHICAGO 2016" as a trademark. That trademark was registered on April 22, 2008. Chicago 2016 assigned its interest in the CHICAGO 2016 mark to the USOC in April 2007. The USOC subsequently licensed to Chicago 2016 the right to use the CHICAGO 2016 mark.

Several years earlier, in August 2004, Frayne registered the Internet domain name "chicago2016.com." At that time, Frayne was unaware that Chicago intended to bid for the 2016 Olympic Games. On October 10, 2007, a representative of Chicago 2016 approached Frayne, via e-mail, inquiring if he was "entertaining offers on or would otherwise be willing to part with: chicago2016.com." Compl. ¶ 24. Frayne informed the representative that he was unwilling to sell the chicago2016.com domain name. Subsequent attempts by Chicago 2016 to acquire the domain name from Frayne were similarly unsuccessful.

On July 15, 2008, defendants initiated proceedings before the World Intellectual Property Organization (WIPO) claiming that Frayne had registered and used the chicago2016.com domain name in bad faith. In that complaint, defendants alleged that

Frayne's registration and use of the domain name violated the Uniform Domain-Name Dispute Resolution Policy (UDRP). After Frayne filed the instant lawsuit on September 17, 2008, the WIPO dismissed defendants' complaint without prejudice.

## Discussion

The Seventh Circuit has emphasized that, even after the Supreme Court's ruling in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), federal courts continue to adhere to a notice-pleading standard. *E.g.*, *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083-83 (7th Cir. 2008). "A plaintiff must still provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests . . . ." *Id.* at 1083 (quotation omitted).

In response to defendants' motion, Frayne concedes that it is appropriate to dismiss count 4, which purported to state a claim for reverse domain name highjacking. Accordingly, the Court grants defendants' motion with respect to count 4.

**1.      Attempted reverse domain name highjacking**

Count 5 purports to state a claim for "attempted reverse domain name highjacking" in violation of 15 U.S.C. § 1114(2)(D). The relevant portion of that statute provides:

> A domain name registrant whose domain name has been suspended, disabled, or transferred under a policy described under clause (ii)(II) may, upon notice to the mark owner, file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this chapter.

15 U.S.C. § 1114(2)(D)(v). It is undisputed that Frayne's chicago2016.com domain name has not been suspended, disabled, or transferred. For that reason, Frayne

conceded it was appropriate to dismiss count 4. He contends, however, that he still can maintain an action for attempted domain name highjacking.

Statutes must be construed to reflect the plain meaning of their language absent a clear expression of legislative intent to the contrary. *E.g.*, *United States v. Berkos*, 543 F.3d 396, 396 (7th Cir. 2008). Nothing in the language of the statute creates a cause of action against a party that attempts to suspend, disable, or transfer a domain name but fails to actually do so. 15 U.S.C. § 1114(2)(D)(v). When the plain language of a statute expressly enumerates certain subjects or categories to which it applies, it is construed not to encompass additional subjects that are not listed in the statute. *See, e.g.*, *In re Globe Bldg. Materials*, 463 F.3d 631, 634-35 (7th Cir. 2006) (applying statutory construction maxim *expressio unius est exclusio alterius*). Accordingly, count 5 does not state a claim upon which relief may be granted.

Frayne's citation to *General Media Communications, Inc. v. Crazy Troll, LLC*, No. 06 C 40581, 2007 WL 102988 (S.D.N.Y. Jan. 16, 2007), does not save count 5. In *Crazy Troll*, an arbitration panel had found that the plaintiff acted in bad faith by bringing a UDRP action and engaged in reverse domain name highjacking. *Id.* at *1, 4. The plaintiff subsequently filed an action in federal court seeking, among other things, a declaration that it had not engaged reverse domain name highjacking or initiated a UDRP proceeding in bad faith. *Id.* at *1. In a decision granting plaintiff's motion for partial summary judgment, the court noted that the rules for UDRP proceedings permit an arbitration panel to find that a party has initiated proceedings in bad faith in an attempt to improperly deprive a registered holder of a domain name. *Id.* at *5. Granting

4

the declaratory relief sought by the plaintiff, the court concluded that the plaintiff had not engaged in actual or attempted reverse domain name highjacking. *Id.* at *7. The court did not suggest the existence of a cause of action for attempted reverse domain name highjacking under 15 U.S.C. § 1114(2)(D); rather, it merely found erroneous a UDRP arbitration panel ruling – made under UDRP rules – that the plaintiff had engaged in such conduct.

## 2. Constitutional claims

In counts 6 through 9, Frayne alleges that Chicago 2016 has violated his free speech and equal protection rights under the United States Constitution and the Illinois Constitution. Chicago 2016's first argument is that Frayne's constitutional claims cannot stand because it is not a "state actor." The parties do not dispute that only state actors can be held liable for constitutional violations of the sort alleged here. *See generally San Francisco Arts & Athletics, Inc. v. USOC*, 483 U.S. 522, 542-47 (1987). In *San Francisco Arts*, the Supreme Court held that the USOC was not a state actor. *Id.* Citing the similar functions it performs for the City of Chicago, Chicago 2016 relies on that case extensively to argue that it is not a state actor. The Seventh Circuit has noted, however, that "in the final analysis, the state action determination must be based on the specific facts and the entire context of a given case. 'Only by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed its true significance.'" *Dunham v. Frank's Nursery & Crafts, Inc.*, 919 F.2d 1281, 1284 (7th Cir. 1990) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982)). Notably, the ruling in *San Francisco Arts* was made on a motion for summary

5

judgment, not a motion to dismiss.  *San Francisco Arts*, 483 U.S. at 527.

In this case, Frayne has alleged that Chicago 2016 is a state actor based on its relationship with the City of Chicago.  Though Chicago 2016 repeatedly asserts that no facts in the complaint support that allegation, Frayne's allegations are sufficient under a notice-pleading standard.  This ruling, of course, does not preclude Chicago 2016 from moving for summary judgment on this issue should Frayne fail to adduce evidence to support his allegation that Chicago 2016 is a state actor.

Next, Chicago 2016 contends that even if it is a state actor, its activities with respect to the chicago2016.com domain name are protected under the *Noerr-Pennington* doctrine.  Under that doctrine, which originated in the antitrust context but applies generally, parties are protected from suit for actions they take involving litigation, lobbying efforts, and public statements.  *See New West, L.P. v. City of Joliet*, 491 F.3d 717, 721-22 (7th Cir. 2007) (citing *E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *United Mine Workers v. Pennington*, 381 U.S. 657 (1965)).  Despite Frayne's contention to the contrary, the Seventh Circuit has expressly held that municipalities enjoy the benefits of the *Noerr-Pennington* doctrine.  *Id.* at 722.  Actions to protect a trademark, including enforcing trademark rights in court, are subject to protection under the *Noerr-Pennington* doctrine.  *See The Thermos Co. v. Igloo Prods. Corp.*, No. 93 C 5826, 1995 WL 745832, at *5 (N.D. Ill. Dec. 13, 1995). The *Noerr-Pennington* doctrine applies to petitions made to administrative agencies. *Wilk v. Am. Med. Ass'n*, 895 F.2d 352, 358 (7th Cir. 1990).

There is, however, an exception to the *Noerr-Pennington* doctrine.  "Sham"

lawsuits or petitions, "'in which persons use the governmental process[,] as opposed to the outcome of that process,' to directly harm or harass another party are not protected . . . ." *Tarpley v. Keistler*, 188 F.3d 788, 794 (7th Cir. 1999) (quoting *City of Columbia v. Omni Outdoor Adver., Inc.*, 499 U.S. 365, 380 (1991)). Frayne alleges that "[d]efendants' actions in bringing baseless WIPO proceedings and threatening legal proceedings against Frayne" have violated his constitutional rights. Compl. ¶ 69. By this allegation, Frayne has raised the issue of whether the WIPO proceedings were a sham designed to injure him, thus rendering the *Noerr-Pennington* doctrine inapplicable. In light of this allegation, the Court must deny the motion to dismiss based on the *Noerr-Pennington* doctrine.

With respect to Frayne's claims under the Illinois Constitution, Chicago 2016 argues that those claims are barred because Illinois provides immunity against suit for pursuing litigation, such as Chicago 2016 did in the WIPO proceedings. As defendants acknowledge in their brief, those immunities do not apply in situations where the defendant engaged in wrongful conduct or acted out of malice. *Arlington Heights Nat'l Bank v. Arlington Heights Fed. Sav. & Loan Assoc.*, 37 Ill. 2d 546, 550-51, 229 N.E.2d 514, 517-18 (1967). Frayne has alleged that Chicago 2016 alleged in such conduct. Accordingly, the Court denies the motion to dismiss the Illinois constitutional claims.

Finally, Chicago 2016 contends that Frayne's equal protection claims (counts 8 and 9) should be dismissed because it has discretion regarding when and against whom it chooses to enforce its trademark rights. That argument is based entirely on a footnote in the *San Francisco Arts* decision. *See San Francisco Arts & Athletics*, 483

7

U.S. at 543 n.22. The Supreme Court stated, however, that it was not addressing the merits of the plaintiff's discriminatory enforcement claim because it had found the USOC was not a state actor. *Id.* Moreover, even though the Court noted the weakness of the plaintiff's claim, that observation was made in light of detailed facts that demonstrated that the USOC had not acted in a discriminatory manner. *Id.* Again, it may be appropriate for Chicago 2016 to move for summary judgment on this issue at a later date; the argument is not, however, a proper basis to grant a motion to dismiss when Frayne has specifically alleged that Chicago 2016 has asserted its trademark rights in a disparate manner.

## Conclusion

For the foregoing reasons, the Court grants defendants' motion to dismiss [docket no. 18] in part and denies it in part. The Court dismisses counts 4 and 5 but otherwise denies defendants' motion. The case is set for a status hearing on January 21, 2009 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 8, 2008